## Karpathios v. Deardorff

*Neil J. Rovner,* for plaintiff.
*Nancy L. Siegel* and *James W. Saxton,* for defendants.

STENGEL, *J.,* June 19, 1991—Plaintiffs' motion to compel discovery in this medical malpractice case raises the question of whether a party to a civil suit can be compelled to produce that which it does not possess.

Specifically, plaintiffs filed expert witness interrogatories seeking the identity of defendants' expert witness or witnesses, as well as a summary of the opinions and the facts upon which those opinions are based. Defendants filed an answer to these

interrogatories indicating that a decision as to the use of an expert witness or the identity of an expert witness "has not yet been determined." In short, defendants had not, as of the time of filing of answers to interrogatories, selected an expert.

Plaintiffs contend that this is an insufficient answer. Plaintiffs have asked the court to require that defendants produce any and all expert reports despite the fact that defendants have not identified an expert. Presumably, plaintiffs would like the court to require defendants to obtain an expert, in the first instance, and to then require the production of a report or answers to expert interrogatories.

Rule 4003.5 of the Pennsylvania Rules of Civil Procedure permits the discovery of facts known and opinions held by an expert witness who will testify at trial. There is no question that plaintiffs are entitled to the discovery of expert opinions and facts which support the opinions. The question here is whether plaintiffs can compel defendants to obtain an expert so as to file answers to expert interrogatories at this stage of the case. In response to the interrogatory asking for the names and qualifications of any experts whom defendants intend to call as a witness at trial, the defendants responded: "Experts who will testify at trial have not yet been determined. Defendant reserves the right to supplement this answer when expert witnesses have been determined."

In *Hall v. Sears, Roebuck & Company,* (no. G.D. 78-2031, Allegheny County, 1979, Wettick, *J.*),* the court discussed a situation similar to that presented by plaintiffs' motion in this case. Judge Wettick

---

* This slip opinion is contained in Wettick, *Allegheny County Discovery Opinions* (1978-1986) with *Supplement* (1987-1988), 2d ed., Allegheny County Law Library, Law, History and Genealogy series, Vol. 14 (1989).

noted that there is an obligation of good faith imposed on a party in a civil suit and that this obligation requires the disclosure of expert witnesses when those witnesses have been selected. Judge Wettick discussed the applicable rule in a manner which is instructive in this case:

"Under Rule 4003.5, no retained or specially employed expert need be identified until a party 'expects' to call this witness at trial. While it may be contended that a lawyer seldom makes decisions as to whom he or she 'expects' to call at trial prior to the eve of trial, Rule 4003.5 obviously envisions that tentative decisions as to the use of expert witnesses are to be made substantially prior to trial; otherwise this rule serves no purpose. Yet unless a court is prepared to review an attorney's entire preparation of a case (which we decline to do for obvious reasons), the effectiveness of this rule depends primarily upon the good faith of the parties." *Hall v. Sears, Roebuck & Company, Allegheny County Discovery Opinions* at 76-77.

This obligation of good faith would require, in this case, that defendants proceed in a timely and responsible fashion to obtain and then, subsequently, to identify an expert witness. Once that witness has been identified, then the obligation to file amended answers to the expert interrogatories would arise.

Plaintiffs contend that the failure of defendants to identify or, presumably, to choose an expert in response to the interrogatories will delay the trial of this case. Assuming that the parties conduct themselves according to the local rules of court, delay in the trial need not be the result of defendants' lack of an expert witness at this stage. At this point in the case, neither side has certified this case as ready for trial.

Under the circumstances, we decline to enter an order compelling defendants to choose an expert witness in response to plaintiffs' expert witness interrogatories.

Accordingly, we enter the following

## ORDER

And now, June 19, 1991, it is hereby ordered that plaintiffs' motion to compel defendants Deardorff and Parker to answer plaintiffs' interrogatories is denied.